IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANDRA COPELY,

Plaintiff,

v. CASE NO. 1:10-cv-0009-MEF

SUPERIOR LOGISTICS ALTERNATIVE, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion for Default Judgment and Motion to Set Hearing on Damages, (Doc. # 11), filed on July 6, 2010, and the application for an award of attorneys' fees and costs to Plaintiff found in Plaintiff's Response to Inquiry of the Court, (Doc. # 19), filed on September 10, 2010. As set forth in this Memorandum Opinion and Order, the Court finds that the motion for a default judgment is due to be GRANTED. Further, the Court finds that Plaintiff is entitled to an award of costs and attorneys' fees, but not in the amount requested in their submissions. Therefore, the application for an award of attorneys' fees and costs is due to be GRANTED in part and DENIED in part.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action was brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, alleging sexual discrimination and retaliation. In addition to seeking various categories of damages and equitable relief,

Plaintiff sought an award of attorneys' fees in the Complaint. (Doc. # 1, at 10). Plaintiff filed a Motion for Default Judgment and Motion to Set Hearing on Damages, (Doc. # 11), on July 6, 2010. On July 12, 2010, the Clerk of the Court entered an Entry of Default, (Doc. 13), against Defendant. This Court held a hearing on damages on August 18, 2010 at which Plaintiff, but not Defendant, was present.

## DISCUSSION

### I. Motion for Default Judgment

In accordance with the prior proceedings and orders of the Court and upon consideration of the testimony and evidence presented at the August 18, 2010 hearing on damages and the record as a whole, this Court finds Plaintiff is entitled to a default judgment. The Court further finds reckless indifference by Defendant, Plaintiff's supervisor (Jeff Cochran), and Defendant's co-owners (Keith and Pamela Lamar). Thus, the motion for default judgment, (Doc. # 1), is due to be GRANTED.

### II. Attorneys' Fees and Costs

Plaintiff's counsel seek attorneys' fees and costs incurred to date in the amount of $9,913.00.[1] Two attorneys have represented Plaintiff in this matter: Bobbie Crook ("Crook") from the law offices of Bobbie S. Crook P.C. and Temple Trueblood ("Trueblood") from the law offices of Wiggins Childs Quinn & Pantanzis, LLC.

---

[1] Title VII provides, in pertinent part, that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. 2000e-5(k).

Additionally, it appears that three paralegals have also assisted in this matter, one with Crook—Angela Dykes—and two with Trueblood—Karen Allen and Jennifer Jackson. Counsel for Plaintiff would have this Court award the following fees incurred to date:

| Attorney | Hours | Rates | Subtotals |
|---|---|---|---|
| Crook | 12.60 | $275.00 | $3465.00 |
| Angela Dykes (paralegal II) | 12.50 | $90.00 | $1125.00 |
| Trueblood | 28.30 | $175.00 | $4,952.50 |
| Karen Allen (paralegal I) | 2.60 | $95.00 | $247.00 |
| Jennifer Jackson (paralegal II) | 1.30 | $95.00 | $123.50 |
| Subtotal | | | $9,913.00 |

Counsel for Plaintiff have submitted affidavits to the Court in support of the award of such attorneys' fees as well as invoices which individually break down, for each person, how long each task for this matter took to perform. Plaintiff also seeks expenses incurred for photocopies ($28.20), a filing fee ($350.00), postage ($35.67), and traveling expenses ($199.08). The Court agrees that as the prevailing party, Plaintiff is entitled to some amount as an award for attorneys' fees and expenses; however, the Court disagrees that the entire amount claimed is an appropriate sum in this case.

**A. Attorneys' Fees**

The starting point in setting any fee award for an attorney is determining the "lodestar" figure; the lodestar is: the product of the number of hours reasonably expended

to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. *Norman v. Housing Auth. of Montgomery,* 836 F.3d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. To satisfy this burden, the fee applicant is required to submit to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). "A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case." *Id.*

After calculating the lodestar fee, the Court next analyzes whether any portion of this fee should be adjusted upwards or downwards. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565-66 (1986). Twelve factors guide the court as it makes this determination. *See, e.g., Blanchard v. Bergeron,* 489 U.S. 87, 91-92 (1989); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4)

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

***i.*** **Reasonable Hourly Rates**

This Court must determine whether the hourly rates Plaintiff seeks are reasonable.

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.* Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony given that a fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman,* 836 F.3d at 1299 (internal citations omitted; emphasis added). Such evidence can be submitted in the form of affidavits from counsel who have performed this type of work. *Id.* at 1298. Moreover, the evidence should address actual fees charged and paid in similar circumstances, and conclusory opinion testimony that a certain rate is reasonable is unsatisfactory. *Id.* The weight to be given to the evidence may be affected by the detail provided in support of the evidence and the experience of the expert called upon to

provide information about market rates in the relevant legal community. *Id.* The relevant legal community is the place where the case is filed. *Cullens,* 29 F.3d at 1494.

Some of the *Johnson* factors have utility in establishing the reasonable hourly rate. *Id.* The *Johnson* factors most obviously relevant to the determination the reasonable hourly rate are: customary fee; skills required to perform the legal services properly; experience, reputation, and ability of attorneys; time limitations; preclusion of other employment; undesirability of the case; nature and length of professional relationship with the clients; fixed or contingent fee arrangement; and awards in similar cases.

Plaintiff's attorneys seek the following hourly rates: (1) $275.00/hour for Crook; (1) $175.00/hour for Trueblood; (3) $95.00/hour for Paralegal 2 and Paralegal 3; and (4) $90.00/hour for Paralegal 4. In support of these hourly rates, Crook and Trueblood rely on Trueblood's affidavit, as well as the declaration of Andrew C. Allen ("Allen"), an Alabama attorney specializing in labor and employment matters including employment discrimination. Both Trueblood and Allen analyze the twelve *Johnson* factors in arguing that the rates charged by Crook and Trueblood are fair and reasonable. Trueblood further provides evidence of the range of reasonable attorneys fees in the Birmingham, Alabama area for federal complex litigation in 1993 and in the Montgomery, Alabama area for employment discrimination cases in 2000. However, the relevant legal community in this action is Dothan, Alabama—not Birmingham or Montgomery. *See Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994). Neither Trueblood nor Allen

discuss the prevailing market rate in Dothan, Alabama for similar services by lawyers of reasonably comparable skills, experience, and reputation.[3]

To the extent that it was possible, given the submissions by Plaintiff's counsel, this Court has considered: the customary fee charged by Trueblood and Crook; the skills required to perform the legal services properly; the experience, reputation, and ability of attorneys; the time limitations; the degree to which this case precluded counsel from undertaking other employment; the undesirability of the case; the nature and length of professional relationship with the clients; the fact that the case was undertaken on contingent fee arrangement; and awards in similar cases. Based on the Court's experience with the relevant market of Dothan, Alabama, and with similar employment discrimination cases, the Court finds that the relevant factors would support an hourly rate of $200.00/hour for Crook and $150.00/hour for Trueblood. The Court is satisfied with the hourly rates provided for the paralegals by Plaintiff's counsel.

***ii.* Reasonable Hours**

Having determined a reasonable hourly rate for the services provided in this case, the Court now must address the number of hours reasonably expended on the matter. Defendant has not challenged any of the hours Plaintiff's counsel have claimed they

---

[3] Trueblood does discuss why it is difficult for employment discrimination plaintiffs to find counsel in Dothan. However, she cites no legal authority as to how this would relieve Plaintiff of presenting evidence of the prevailing market rate for such cases and similar attorneys in the relevant locale. Indeed, that it may be difficult to find employment discrimination attorneys in Dothan does not mean that it is impossible, as evidenced by the fact that one of Plaintiff's counsel is, in fact, a Dothan-based attorney.

reasonably expended on this matter. A court analyzing the hours claimed as reasonably expended on a matter in circumstances may make adjustments to the hours claimed by a fee applicant. *Norman,* 836 F.3d at 201-02. A fee applicant should exercise "billing judgment," that is, the applicant should "exclude from his fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.'" *ACLU,* 168 F.3d at 428. In addition to exercising this billing judgment, a fee applicant may submit evidence from other practitioners on the issue of whether activities for which the fee applicant seeks recompense are necessary to the litigation. *Norman,* 836 F.2d at 201. It is not helpful for a fee applicant to rely on generalized statements that time spent was reasonable. *Id.* "When reviewing an application for attorney's fees, the court may appropriately consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." *Miller,* 117 F. Supp. 2d at 1261 (internal citations and quotations omitted.) The Court may deduct time entries for clerical work performed by attorney as excessive. *Id.*

The Court finds that a small portion of the hours claimed were "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. For example, Crook's entries on 12/9/09 and 12/15/09 bill 1.6 hours for reviewing and editing the 10-page, two-count complaint, which a paralegal had purportedly already spent 4.5 hours drafting.

Similarly, the paralegal Jennifer Jackson claims 1.30 hours, mostly for updating the pleadings and correspondence sections of counsels' file. These and other hourly billings are excessive and unnecessary. In assessing the reasonableness of the hours claimed by Plaintiff's counsel, the Court must also consider the amount of effort expended and the overall success achieved. In so doing the Court considers three of the twelve *Johnson* factors: time and labor required, novelty and difficulty of the case, and the amount involved and the result obtained. While Plaintiff's counsel achieved success in the matter, the Court does not deem this case to have been a difficult one.

The tables below summarize the Court's calculation of reasonable hours for each attorney:

| Attorney | Number of hours requested | Deduction of unreasonable or excessive hours | Reasonable hours |
|---|---|---|---|
| Crook | 12.60 | -1.10 | 11.50 |
| Angela Dykes (paralegal II) | 12.50 | -2.20 | 10.30 |
| Trueblood | 28.30 | -0.10 | 28.20 |
| Karen Allen (paralegal I) | 2.60 | -0.00 | 2.60 |
| Jennifer Jackson (paralegal I) | 1.30 | -1.30 | 0.00 |

Having determined the reasonable hours expended and the applicable hourly rate, the Court will next calculate the lodestar and make any appropriate adjustments.

### *iii.* Calculation of and Adjustments to the Lodestar

After the Court calculates the reasonable hourly rate for a case and the number of hours reasonably expended, the Court calculates the lodestar by multiplying the reasonably hourly rate by the number of hours reasonably expended. *Norman,* 836 F.2d at 1302. Thus, in this case, the lodestar awards are as follows: (1) $2,300.00 for Crook's work; (2) $4,230.00 for Trueblood's work; (3) $927.00 for Angela Dykes work; (4) $247.00 for Karen Allen's work; and, $0.00 for Jennifer Jackson's work. After performing this calculation to ascertain the lodestar, the Court then considers the necessity of an adjustment to the lodestar for results obtained. *Id.*

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make a reduction based on a simple ratio of successful issues to issues raised.

*Norman*, 836 F.2d at 1302. Here, Plaintiff prevailed on all of her claims, and this Court finds no grounds to reduce the lodestar calculation.

## II. Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express

provision therefor is made either in a statute of the United States...costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). A district court has "broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *See, e.g., Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir.1997). In awarding costs, the district court must determine that the costs claimed were necessary and the amount claimed is reasonable. *See Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000), *cert. denied,* 531 U.S. 1079 (2001). However, in assessing costs a court may not go beyond those items specifically enumerated in 28 U.S.C. § 1920, which the Supreme Court has interpreted as defining the term "costs" for the purposes of Rule 54(d). *See Crawford Fitting Co v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-442 (1987); *accord, Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1296 (11th Cir. 2001) (absent explicit statutory authorization, federal courts are bound by the parameters of Section 1920 in awarding costs to the prevailing party); *Fulton Fed. Sav. & Loan Ass'n of Atlanta, Ga. v. American Ins. Co.,* 143 F.R.D. 292, 295 (N.D. Ga. 1991) (indicating that the discretion given in Rule 54(d) is the power to decline to tax the items enumerated in 28 U.S.C. § 1920 as costs).

The items of costs which may properly be awarded pursuant to Section 1920 are:

> (1) Fees of the clerk and marshal;(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies

> of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (1991).

Here, Plaintiff seeks an award of the following expenses:

| Expense Category | Amount |
|---|---|
| Photocopies | $28.20 |
| Filing fee | $350.00 |
| Postage | $35.67 |
| Traveling Expenses (mileage and meal) | $199.08 |
| Subtotal | $612.95 |

Without question, 28 U.S.C. § 1920(5) authorizes this Court to tax the filing fee paid to the Clerk of the Court to docket this case as costs. Consequently, Plaintiff may recover $350.00 for the filing fee she paid to initiate this action.

However, § 1920 does not explicitly authorize the taxation of costs for postage or traveling expenses, such as mileage or meals. *See* 28 U.S.C. § 1920 (1991). Such expenses are not properly taxable under Section 1920. *See, e.g., Gerber v. Stoltenberg,* 394 F.2d 179 (5th Cir. 1968) (travel and subsistence expenses need not be taxed as costs); *AM Properties v. Town of Chapel Hill,* 202 F. Supp. 2d 451, 453-456 (M.D.N.C. 2002) (travel expenses for defendant's counsel were not taxable as costs, nor could defendant recover costs of express mail or postage); *Embotelladora Agral Regiomontana, S.A. de*

*C.V. v. Sharp Capital, Inc.,* 952 F. Supp. 415, 418-41 9 (N.D. Tex. 1997) (expenses incurred for long Federal Express shipments, mileage, postage, and couriers are not recoverable under costs statute); *El-Fadl v. Central Bank of Jordan,* 163 F.R.D. 389, 390-92 (D.D.C. 1995) (rejecting request to award "other costs" pursuant to Section 1920 and Rule 54 where costs requested were for, inter alia, courier services, express mail, and postage); *Meredith v. Schreiner Transp., Inc.,* 814 F. Supp. 1004, 1006-1007 (D. Kan. 1993) (travel and lodging expenses of prevailing party and counsel could not be taxed as costs); *Bass v. Spitz,* 522 F. Supp. 1343, 1358 (E.D. Mich. 1981) (hotel expenses not properly taxable pursuant to Section 1920).

With respect to the photocopying costs sought to be recovered, such costs must be "necessarily obtained for use in the case." 28 U.S.C. § 1920. Thus, courts "consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *United States EEOC v. W&O Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Here, there is no information as to what was copied and why, and therefore, this Court cannot determine whether such copies were necessarily obtained. *See Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997) ("The party seeking recovery of photocopying costs 'must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case."). Thus, Plaintiff may not recover for the $28.20 in photocopying costs. In sum, Plaintiff may recover the $350.00 filing fee, but she is not entitled to the remaining photocopying,

postage, and traveling expenses.

**CONCLUSION**

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiff's motion for a default judgment, (Doc. # 11), is GRANTED;

(2) Plaintiff's application for attorneys' fees and costs found in Plaintiff's Response to Inquiry of the Court, (Doc. # 19), is GRANTED in part and DENIED in part as set forth in this Memorandum Opinion and Order.

(2) Plaintiff shall recover from Defendant the sum of $7,704.00 in attorneys' fees and $350.00 in costs, for a total of $8,054.00 for which execution may issue.

(3) A separate final judgment pursuant to Rules 55 and 58 of the Federal Rules of Civil Procedure will be entered on this award.

DONE this the 30th day of March, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE